IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                             CRIMINAL ACTION NO. 3:12-00100

JASON CORLEY PADGETT

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion for a Nunc Pro Tunc Order (ECF No. 25). The Fourth Circuit has explained the doctrine of nunc pro tunc as follows:

> We previously defined the doctrine as a procedure whereby a determination previously made, but for some reason improperly entered or expressed, may be corrected and entered as of the original time when it should have been, or when there has been an omission to enter it at all. The purpose of an order entered nunc pro tunc is to correct mistakes or omissions in the record so that the record properly reflects the events that *actually took place*. It may not be used to retroactively record an event that never occurred or have the record reflect a fact that never existed.

*Glynne v. Wilmed Healthcare*, 699 F.3d 380, 383-84 (4th Cir. 2012) (emphasis in original) (citation omitted) (internal quotation marks omitted).

In his motion, Defendant seeks clarification concerning whether in fact Defendant received a two-level enhancement pursuant to the United States Sentencing Guidelines for possession of a firearm.

The Guidelines provide for a 2-level increase in a defendant's total offense level "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). The Presentence Report in this case included the enhancement. The Court applied the enhancement, stating, "The defendant gets a two-level increase for the possession of a dangerous weapon." Tr.

of Sentencing at 5:11-12, *United States v. Padgett*, No. 3:12-cr-100 (S.D. W. Va. Oct. 29, 2012), ECF No. 24 (hereinafter "Tr.").

After imposition of the enhancement, Defendant's counsel asked for a variance on several grounds, including based on the nature of the possession of the firearm:

> Now, we recognize that there was a two-level upward increase in his guidelines because he had a gun, but as explained in his sentencing memorandum -- and we didn't object to it, Your Honor. And maybe technically it is true, but we would submit to the Court that he was carrying the gun as part of his business. He was in the business of rehabbing foreclosed homes. He always had -- he had a concealed firearm permit, and he had the gun with him at all times.
>
> . . . [Defendant] really didn't have the gun as part of that transaction, we would submit, with Mr. Melton.

Tr. at 8:17-24, 9:4-6. Counsel for the Government countered that "while there's no evidence that he pulled a firearm on anyone or threatened anyone, it's still precisely the kind of weapon that is contemplated by that guideline enhancement, and we believe it should apply regardless." Tr. at 12:21-24.

The Court granted a two-point variance for a variety of reasons, only one of which was the circumstances of the firearm possession. In regards to the firearm, the Court stated that:

> I'm persuaded that while the defendant did possess the firearm, and Mr. Hanks has accurately described those circumstances, I think it's fairly unlikely that his possession of the firearm was directly connected to the transaction he was engaging in that day. It still presents a danger. *It still literally falls within the guideline. So it's certainly not an error in any sense to attribute those two points to you*, but I think the Court ought to be able to consider other circumstances surrounding that to determine whether that two-point increase in your offense level is really warranted, and I don't think it quite is.

Tr. at 16:1-11 (emphasis added).

As indicated in the transcript, this Court found that the terms of the enhancement literally applied to Defendant and the Court additionally exercised its power to grant a downward

2

variance to better reflect the circumstances surrounding the firearm. This is confirmed by the Statement of Reasons. ECF No. 21. The granting of the variance does not mean that the two-level enhancement for possession of a firearm was not applied to Defendant in this case, but rather means that the Court desired for Defendant to receive a sentence that more accurately reflected the nature of Defendant's conduct. The Court finds that the two-level enhancement for possession of a firearm was applied to Defendant at sentencing. Therefore, Defendant's Motion for a Nunc Pro Tunc Order (ECF No. 25) is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals Service.

ENTER: September 23, 2013

_____
ROBERT C. CHAMBERS, CHIEF JUDGE